IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                          **CRIMINAL NO. 2:05-CR-21-KS-MTP**

**HERIBERTO RODRIGUEZ-FLORES**

## ORDER

On July 13, 2005, Defendant Heriberto Rodriguez-Flores was indicted for possession with intent to distribute more than 15 kilograms of methamphetamine in violation of title 21, United States Code, Section 841(a)(1). On April 19, 2006, Defendant pled guilty, and on July 24, 2006, the Court sentenced him to a total of 324 months of imprisonment, followed by 5 years of supervised release, and entered a separate Order of Judgment. *See* CM/ECF Doc. No. [28].

On January 21, 2015, Defendant filed a Motion to Reduce Sentence [42], arguing that Amendment 782 (Drug Minus Two) to the sentencing guidelines would result in a lower sentence. On April 18, 2016, the Court denied Defendant's request for relief, finding that there would be no change to the guideline calculation pursuant to the 2014 amendments. [47], [48].[1]

Defendant is currently serving his sentence at Petersburg Low, located in Petersburg, Virginia and is scheduled to be released on July 13, 2028. On February 9, 2023, Defendant filed a *pro se* Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) and 3582(c)(2) [51], arguing again that he is entitled to a sentence

---

[1] CM/ECF Doc. No. [48] is filed under restricted access, which makes viewing available only to counsel of record and the Court.

reduction under Amendment 782 and that he is at significant risk of contracting COVID-19 and suffering severe illness and long-term effects from it based on his having had Stage IIB colon cancer and current diagnoses of Type II diabetes, enlarged prostate, obesity, kidney stones, hypertension, and nausea. [51]. Thereafter, counsel was appointed. [53]. The Government filed a Response [57], and counsel for Defendant has filed a Reply [62]. For the reasons set forth herein, the motion will be denied.

**A. Applicable Law for Compassionate Release Under Section 3582(c)**

Under 18 U.S.C. § 3582(c), a district court may not modify a term of imprisonment once imposed, except under limited circumstances. One such circumstance is the so-called compassionate release provision, which provides that a district court "may reduce the term of imprisonment" where it finds "extraordinary and compelling circumstances." 18 U.S.C. § 3582(c)(1)(A)(i). A motion under this provision may be made by either the Bureau of Prisons or a defendant, but in the latter case only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*[2]

Once a defendant demonstrates that he has exhausted his administrative remedies with the BOP, the Court may reduce the term of imprisonment, after

---

[2] Here, Defendant has demonstrated that he has exhausted his administrative remedies in that he submitted a request to the warden on March 26, 2022 but did not receive a response within the 30 days before filing his motion. The Government does not dispute that Defendant has exhausted his administrative remedies.

2

considering the after considering the section 3553(a) sentencing factors, if it finds "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

Following the First Step Act's expansion of who may file a motion under § 3582(c)(1)(A), courts were confronted with the question of whether the Sentencing Commission's definition of "extraordinary and compelling reasons," which was promulgated prior to the First Step Act when such motions could only be filed by the BOP, remained binding on district courts when considering compassionate-release motions. The Fifth Circuit addressed this question in *United States v. Shkambi*, holding that, while U.S.S.G. § 1B1.13 is a policy statement applicable to § 3582(c)(1)(A) motions filed by the BOP, it is inapplicable to § 3582(c)(1)(A) motions filed by prisoners. 993 F.3d 388, 392 (5th Cir. 2021). Accordingly, while U.S.S.G. § 1B1.13 dictates the meaning of "extraordinary and compelling reasons" when a Section 3582(c)(1)(A) motion is filed by the BOP on a prisoner's behalf, it does not do so when, as here, a 3582(c)(1)(A) motion is filed by a prisoner himself. *See id.* ("[T]he policy statement continues to govern where it says it governs—on the motion of the Director of the [BOP]. But it does not govern here—on the newly authorized motion of a prisoner.) (internal quotations omitted)). Therefore, when a prisoner files a compassionate-release motion, courts must determine what constitutes an "extraordinary and compelling reason" under § 3582(c)(1)(A)(i).

Notwithstanding, even though the Court is not bound by the Sentencing Commission's policy statement in U.S.S.G § 1B1.13 and its accompanying application

notes when considering compassionate-release motions filed by prisoners, the policy statement is not wholly irrelevant. Courts should still look to the policy statement for guidance in determining what constitutes "extraordinary and compelling reasons" for a sentence reduction when a prisoner files a compassionate-release motion. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to the [U.S.S.G.] § 1B1.13 informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *see also, e.g., United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) ("The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reason'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused.").[3]

**B. Discussion**

    **1. Extraordinary and Compelling Circumstances**

In his Motion, Defendant argues that the extraordinary and compelling reasons for his release are: (1) he is more likely to contract COVID-19 in a prison setting than if he were released; (2) his serious health issues render him more susceptible to contracting COVID-19 and suffering more serious and long-term effects from it; and (3) his age and, infirmities, and reduced chances of recidivism, as well as

---

[3] As the court noted and analyzed in *United States v. Jurdi*, "[u]sing the policy statement as guidance when considering prisoner-filed compassionate-release motions is warranted for several reasons." No. 4:12-CR-00180, 2023 WL 3436090 at *6-9 (E.D. Tex. May 12, 2023).

4

his rehabilitation, work history, ability to follow the rules and viable release plan, make him an appropriate candidate for release. [51] at p. 9.

### a. Risk of COVID-19 infection

The Court first notes that the COVID-19 pandemic officially ended May 11, 2023.[4] The threat of contracting COVID-19 is presently extremely low. For example, Petersburg Low, where Defendant is incarcerated, is currently at an operational level of "1," which is defined as having a medical isolation rate of less than 2% and the new community positive cases are less than 100 per 100,000 over the last 7 days.[5] Additionally, as of June 23, 2022, Defendant has had four doses of the Moderna COVID-19 vaccination. [59] at p. 1.[6][7] While Plaintiff indeed has documented co-morbidities, including having been previously diagnosed with colon cancer, the Court notes that Defendant's cancer has been in remission since at least May, 2019. [51-2] at p. 7. When looking to the commentary to the United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13, regarding what constitutes extraordinary and compelling reasons as to a defendant's medical condition, it states:

> (A) Medical Condition of the Defendant
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer,

---

[4] *See* https://www.cdc.gov/coronavirus/2019-ncov/your-health/end-of-phe.html.
[5] *See* https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (visited 6/29/23).
[6] The Defendant's medical records have been filed under restricted view and are available only to the Court and counsel of record.
[7] Once a vaccine is available to an inmate, compassionate release is not warranted based on the mere threat of the virus. *See, e.g., United States v. Reed*, NO. 18-CR-0078, 2021 WL 2681498, at *4 (E.D. Pa. June 30, 2021) (Schmehl, J.) ("Now that COVID-19 vaccinations are being administered throughout the Bureau of Prisons, compassionate release motions [based on COVID-19] generally lack merit.").

>amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.>
>
>(ii) The defendant is—
>
>>(I) suffering from a serious physical or medical condition,
>>(II) suffering from a serious functional or cognitive impairment, or
>>(III) experiencing deteriorating physical or mental health because of the aging process,
>
>that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Given that Defendant's cancer is in remission, it does not qualify as a terminal illness, nor is it causing Defendant suffering from a serious physical or medical condition. Additionally, although Defendant also suffers from Type II diabetes, enlarged prostate, obesity, kidney stones, hypertension, and nausea, he argues that these are co-morbidities that make the outcome of contracting COVID-19 more serious, not that they are conditions that "substantially diminish his ability to provide self-care within the environment of a correctional facility." Indeed, it appears all of these conditions are actively being treated.

### b. Sentence reduction under Amendment 782

In addition to claiming grounds for release under 18 U.S.C. § 3582(c)(1)(a)(ii), Defendant also seeks a reduction in sentence based on 18 U.S.C. § 3582(c)(2), which provides:

>in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment,

after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Defendant claims that Amendment 782 to the U.S.S.C. Guidelines Manual provides a defendant who was found guilty under 21 U.S.C. § 841(a)(1) who possessed between 15-45 kg of methamphetamine would face a sentencing range of 188-235 months (base offense level 36 with one criminal history point) rather than 292-365 utilized in his case.[8]

The Government argues that because Defendant was held accountable for 20 kilograms of "ice,"[9] his base offense level would remain at 38, which is why the Court denied a reduction in 2016. In addition, the Government points out and the Court recalls, pursuant to U.S.S.G. § 3C1.1, Defendant was assessed a 2-point enhancement for obstruction during a suppression hearing, thereby resulting in an offense level of 40. Thus, the Government argues, the point is moot because his guideline today would be the same as it was in 2006: 292-365 (40/I). The Court agrees.

On April 30, 2014, the U.S. Sentencing Commission voted to lower the drug quantity table by two offense levels, which will lower drug sentences imposed after November 1, 2014, which resulted in Amendment 782. Perhaps the Defendant does not recall, but he has already sought such relief from the Court in January 2015. [42]. As such, the Court already considered the effect of Amendment 782 on Defendant's

---

[8] Defendant was sentenced to 324 months.
[9] The United States Sentencing Guidelines (Guidelines) define "ice" methamphetamine as being any mixture or substance containing methamphetamine that is "of at least 80% purity." See USSG § 2D1.1(c) note (C).

sentence, and for the reasons stated by the Government, the Court denied any sentence reduction. [47], [48].[10] Therefore, the Court again declines to provide relief.

### c. Other factors

Finally, while the Court applauds Defendant's efforts at rehabilitation, such efforts can only be considered in combination with other factors in determining whether extraordinary and compelling reasons exist. *See U.S. v. McCoy*, 981 F.3d 271, 286 n. 9 (4th Cir. 2020) (noting that successful rehabilitation efforts can be considered as "one among other factors" establishing extraordinary and compassionate reasons for release). Having found no other factors that establish such reasons, the Court declines to consider Defendant's rehabilitation or consider the effectiveness of his release plan. Having failed to establish extraordinary and

---

[10] Through counsel in his Reply, Defendant raises a new argument regarding the effect of the decision in *United States v. Robinson*, No. 3:21-cr-14, 2022 WL 17904534 (S.D. Miss. Dec. 23, 2022). [62] at p. 9. Defendant now argues for a reduction not specifically under Amendment 782, but based on cases like *Robinson*, wherein courts have given a downward departure at the time of sentencing based on a policy disagreement with the sentencing guidelines' focus on the purity of the methamphetamine, which creates a sentencing disparity. However, the Court declines to consider such argument for three reasons. First, the Court does not typically consider arguments first raised in a reply. *See Gillaspy v. Dallas Indep. Sch. Dist.*, 278 Fed. App'x. 307, 315 (5th Cir. 2008) ("It is the practice of ... the district courts to refuse to consider arguments raised for the first time in reply briefs." (citation omitted)). Second, the opinion in *Robinson* was a on a Motion for Deviation from the U.S. Sentencing Guidelines and not a motion for compassionate release. *See Robinson*, 2022 WL 17904534, at *1. Many of the cases cited by the Defendant that have considered this issue were at the downward variance stage, which appears to be the more appropriate time to make such argument, as this is not a novel argument. While this District may not have addressed the specific methamphetamine purity disparity until a 2022 case, as a general matter, "courts may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines." *United States v. Valdez*, 268 Fed. App'x 293, 297 (5th Cir. 2008) (quoting *Kimbrough v. United States*, 552 U.S. 85, 101 (2007), which held that a district court can conclude that a 100-to-1 crack-to-cocaine ratio disparity yields a sentence "greater than necessary"). Third, to now find that such policy disagreement creates an "extraordinary and compelling reason" for early release, the Court would likely open the flood gates to effectually resentence each defendant who had been sentenced by a judge who utilized the sentencing guidelines as written at sentencing. It is better that consideration of such disparity be taken at the time of sentencing.

compelling reasons for early release, the Court also need not consider the Section 3553 factors.

THEREFORE, for the foregoing reasons, it is HEREBY ORDERED that Heriberto Rodriguez-Flores' Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) and 3582(c)(2) [51] is DENIED.

SO ORDERED AND ADJUDGED this 30th day of June 2023.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE