**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                              **CRIMINAL NO. 2:05-CR-21-KS-MTP**

**HERIBERTO RODRIGUEZ-FLORES**

**<u>ORDER</u>**

This cause comes before the Court on the Defendant's Motion to Correct a Clerical Error Pursuant to Rule 36 [73].[1] The Government has filed a response [75], and Defendant filed a reply [77]. Having reviewed the parties' submissions and consulted the relevant legal authorities, the Court finds the Motion is not well taken and will be denied for the reasons set forth below.

Defendant challenges his criminal history calculation, contending that the Presentence Investigation Report ("PSR") in this case, which was filed into the record in 2006, contains a "clerical error" that is keeping him from being able to apply for relief as a zero-point offender under Amendment 821 to the Federal Sentencing Guidelines. More particularly, Defendant initially argues that ascribing one-point for a misdemeanor DUI conviction was a "clerical error" because it fell outside of the ten-year window allowed for under the Sentencing Guidelines and seeks to have the "error" corrected under Federal Rule of Criminal Procedure 36.

Rule 36 allows a district court to "correct a clerical error in a judgment, order, or other part of the record," which "occurs when the court intends to do one thing but through a clerical mistake or oversight does another." *United States v. Raiford*, 593 Fed. App'x 383, 383-384 (5th Cir. 2015).[2] However, the calculation of Defendant's criminal history points does not involve a clerical error

---

[1] Defendant has filed an identical motion at CM/ECF Doc. No. [76]. This duplicate motion will be denied as moot.
[2] The Rule specifically states: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.

that arose from an oversight or omission. That conclusion alone is sufficient to deny the motion. Notwithstanding, as the Court will explain, because Defendant utilizes inapplicable dates in his calculation to support his argument, there was indeed no error at all.

To recap the relevant facts, Defendant had a prior arrest on August 5, 1995 in Nevada for a DUI offense. He was adjudicated guilty of that offense and sentenced on September 5, 1995. In this case, Defendant was arrested on June 27, 2005 for actions that took place on the same date, which led to his instant conviction. During these proceedings, Defendant was indicted on July 13, 2005; he pled guilty on April 19, 2006; and the Court sentenced him on July 20, 2006.

The U.S. Sentencing Guidelines provide that when calculating criminal history points, one point is added "for each prior sentence not counted in (a) or (b), up to a total of 4 points. . . ." U.S.S.G § 4A1.1(c) (1).[3] The Guidelines go on to state that "[a]ny other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted." U.S.S.G § 4A1.2(e)(2). Defendant claims that the August 5, 1995 DUI arrest occurred more than ten years prior to his sentencing on July 20, 2006, and thus, by adding the one criminal point for the DUI, the Court was in error. However, the prior DUI arrest date and the sentencing date in this case are not the correct dates to be used for analysis.

First, to calculate how far back the applicable ten years reaches, we must first determine when Defendant "commenced" the instant offense. Defendant uses the July 20, 2006 sentencing date. But according to the commentary to the Sentencing Guidelines, "As used in § 4A1.2(d)(2) and (e), the term 'commencement of the instant offense' includes any relevant conduct." Commentary/Application Note 8 to U.S.S.G. §4A1.2 (citing U.S.S.G. § 1B1.3 (Relevant Conduct)). The sentencing date is not when the defendant commenced this offense. Rather  it

---

[3] U.S.S.G § 4A1.1(a) and (b) are not applicable to the DUI at issue.

would be when he was arrested on June 27, 2005 for actions that took place on the same date. As such, going back ten years, any "prior sentences" imposed between *June 27, 1995* and June 27, 2005 would be counted.

Now we must determine when the DUI sentence was imposed. The Sentencing Guidelines define the term "prior sentence" to mean "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G § 4A1.2(a)(1). "Adjudication of guilt can only occur when the court pronounces the defendant's guilt." *United States v. Cain*, 10 F.3d 261, 262 (5th Cir. 1993). Accordingly, the DUI *arrest* date that Defendant uses in his calculation was not when the adjudication occurred.[4] Adjudication happened when Defendant was found guilty and sentenced on September 5, 1995, a date that clearly falls within the ten-year period for adding an additional criminal history point.

Based on the foregoing, because the time between Defendant's September 5, 1995 sentencing in Nevada and his June 27, 2005 arrest in Mississippi is within the ten years provided under the Sentencing Guidelines, there was no error in the calculating Defendant's criminal history points in this case.

In his Reply, Defendant concedes that his calculation was incorrect and the DUI offense fell within the ten-year period. However, he goes on to argue that an error still exists because the offense at issue was a "misdemeanor traffic violation" and should not have been considered for his criminal history in the first place. [77] at p. 1. While the Court finds Defendant's tenacity admirable, it will not entertain this argument for a few reasons.

First, again, this is not a clerical error of the sort to be corrected instantaneously. Defendant's argument is the kind best presented on appeal of the final judgment, and the time for

---

[4] Given the applicable ten-year window, even if the Court were to use Defendant's August 5, 1995 arrest date as the applicable date for the prior sentence, it would be within the ten years allowed for counting the prior sentence.

doing so was about 19 years ago—not now.[5] Second, even if the sentencing calculation did involve an error, the gravamen of Defendant's request is that the Court correct his sentence, and for such a request, Federal Rule of Criminal Procedure 35 is the more applicable rule. Unfortunately for Defendant, he is once again about 19 years too late because Rule 35 states, in relevant part: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). The time for correcting any calculation that was clear error has long passed.

Likewise, the time for objecting to the PSR has long passed. Despite Defendant's protestation that he does not recall being sentenced on a DUI charge—only for driving under a suspended license, the PSR clearly listed a DUI charge, and the time for objecting to the inclusion of such charge was prior to sentencing. Notwithstanding, as to this issue of the DUI misdemeanor being included in the calculation, even if this were a timely request to correct an error or a timely objection to the PSR, including the DUI was correct under the applicable Sentencing Guidelines.

Defendant's sentencing occurred in July 2006 when the 2005 United States Sentencing Guidelines were in effect.[6] Section 4A1.2, under the subsection "Sentences Counted and Excluded," states:

> Sentences for all felony offenses are counted. Sentences for misdemeanor and petty offenses are counted, except as follows:
>
> (1)    Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense:

---

[5] Defendant did file an appeal in this case, but did not address any error in sentencing. Rather Defendant argued that this Court erred in denying is Motion to Suppress Evidence, but the Fifth Circuit affirmed this Court's decision. *See* [32-2].

[6] The 2005 guidelines went into effect on November 1, 2005. The 2006 guidelines did not go into effect until after the sentencing in 2006.

Careless or reckless driving
Contempt of court
Disorderly conduct or disturbing the peace
Driving without a license or with a revoked or suspended license
False information to a police officer
Fish and game violations
Gambling
Hindering or failure to obey a police officer
Insufficient funds check
Leaving the scene of an accident
Local ordinance violations (excluding local ordinance violations
that are also criminal offenses under state law)
Non-support
Prostitution
Resisting arrest
Trespassing.

(2) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are never counted:

Hitchhiking
Juvenile status offenses and truancy
Loitering
Minor traffic infractions (e.g., speeding)
Public intoxication
Vagrancy.

U.S.S.G. § 4A1.2(c)(1), (2).[7] The wording is clear that the DUI misdemeanor offense *is* counted *unless* it is excluded, and it is not listed as an excluded offense. To make it even more clear, the Commentary to this Guideline section states:

> <u>Sentences for Driving While Intoxicated or Under the Influence</u>. Convictions for driving while intoxicated or under the influence (and similar offenses by whatever name they are known) are counted. Such offenses are not minor traffic infractions within the meaning of §4A1.2(c).

U.S.S.G. § 4A1.2, comment., app. n. 5.

Based on the foregoing, the Court concludes that Defendant's request has no merit under the Federal Rules of Criminal Procedure and the United States Sentencing Guidelines.

---

[7] The 2005 sentencing guidelines can be found at https://www.ussc.gov/sites/default/files/pdf/guidelines-manual/2005/manual/GL2005.pdf (last accessed 8/20/2025).

THEREFORE, it is HEREBY ORDERED that Heriberto Rodriguez-Flores' Motion to Correct Clerical Error [73] is DENIED. The duplicate motion [76]  is denied as moot.

SO ORDERED AND ADJUDGED this 20th day of August 2025.


/s/ Keith Starrett_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE